IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02230-BNB

TRACY WILLIAMSON,

    Plaintiff,

v.

PAULA J. FRANTZ, MD,
BETH DALLAS, Over Medical,
CHAMJOCK/NURSE PRACTITIONER,
WEEDER LT./Supervisor Intake,
JOHN DOE/Nurse over Appliance,
CHRISTIANS/SGT., Over Intake, and
JOHN DOE/COLORADO DEPARTMENT CORRECTION[sic],

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Tracy Williamson, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Sterling, Colorado.  Mr. Williamson filed *pro se* a prisoner complaint pursuant to 42 U.S.C. § 1983 for money damages.  He has been granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

    The Court must construe Mr. Williamson's filings liberally because he is representing himself.  **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate.  **Hall**, 935 F.2d at 1110.  For the reasons stated below, Mr. Williamson will be directed to file an amended complaint.

Mr. Williamson alleges that he is disabled because he has "a problem with under standing," *see* ECF No. 2 (complaint) at 5, and is unable to read or write. He apparently had assistance in filing his complaint. He contends that when he arrived at the Denver Reception and Diagnostic Center, he had medical shoes with orthotic insoles, knee braces, and a cane, and that after his transfer to the Sterling Correctional Facility his medical equipment was missing. Without his medical equipment, he contends his mobility is limited and he has been in pain since February 2011, apparently from inflammatory arthritis in his knees and tendonitis in his feet. On the basis of these allegations, he contends that he has been subjected to cruel and unusual punishment under the Eighth Amendment to the United States Constitution. He also appears to allege that his medical treatment violates the Americans With Disabilities Act (ADA).

In the amended complaint he will be directed to file, Mr. Williamson must assert personal participation by each named defendant in the alleged constitutional violations. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Williamson must show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Paula J. Frantz, M.D., or Beth Dallas, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A

supervisor is only liable for constitutional violations that he or she causes.  **See Dodds v. Richardson**, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Williamson may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Williamson uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

The amended complaint that Mr. Williamson will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.  In order for Mr. Williamson to state a claim in federal court, his "complaint must explain

what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492  F.3d 1158, 1163 (10th Cir. 2007).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." **Id.**

Mr. Williamson will be directed to file an amended complaint that complies with the pleading requirements of Rule 8 and provides specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. He also must clarify what his disability is and what, if any, claims he is asserting pursuant to the ADA.  Not all claims concerning medical treatment constitute ADA violations.  **See, e.g.**, **Rashad v. Doughty**, 4 F. App'x. 558, 560 (10th Cir. 2001) (recognizing that "the failure to provide medical treatment to a disabled prisoner, while perhaps raising Eighth Amendment concerns in certain circumstances, does not constitute an ADA violation"); **Moore v. Prison Health Servs., Inc.**, No. 98-3310, 1999 WL 1079848, at *1 (10th Cir. Dec. 1, 1999) (unpublished table opinion) (holding that the ADA affords "disabled persons legal rights regarding access to programs and activities enjoyed by all, not a general federal cause of action for challenging the medical treatment of their underlying disabilities").

Accordingly, it is

ORDERED that Plaintiff, Tracy Williamson, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order.  It is

FURTHER ORDERED that Mr. Williamson shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Williamson fails to file an amended complaint that complies with this order within the time allowed, the Court will dismiss the complaint and the action.

DATED November 9, 2011, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge